IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:13CR189**

**LONDON SHI-ANNE COTMAN,**

Petitioner.

## MEMORANDUM OPINION

London Shi-Anne Cotman, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 180). The Government has moved to dismiss, asserting, *inter alia*, that the relevant statute of limitations bars relief. (ECF No. 193.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Cotman filed no reply. For the reasons set forth below, Cotman's § 2255 Motion (ECF No. 180) will be DENIED.

### I. Procedural History

On November 5, 2013, Cotman was charged with: conspiracy to interfere with commerce by threats and violence, (Count One), and interference with commerce by threats and violence, ("Hobbs Act robbery"), by robbing a McDonald's in Chesterfield, Virginia, (Count Two). (Indictment 1–7, ECF No. 1.)

On April 22, 2014, pursuant to a written plea agreement, Cotman pled guilty to Count One, and the Government agreed to dismiss Count Two. (ECF No. 72, at 1, 7.) On October 21,

2014, the Court sentenced Cotman to 48 months of imprisonment.[1] (ECF No. 134, at 2.) Cotman did not appeal.

On November 21, 2016, Cotman placed the present § 2255 Motion in the prison mail system. (§ 2255 Mot. 13.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In her § 2255 Motion, Cotman contends that she is entitled to relief on the following grounds:

| | |
|---|---|
| Claims 1 and 2 | Under Amendment 794[3] to United States Sentencing Guidelines ("USSG"), Cotman qualified as a minor participant in the criminal activity, and thus, was entitled a decrease of 2 offense levels. (§ 2255 Mot. 4–5.) |
| Claim 3 | "*United States v. Johnson*, that the defendant was sentenced under the ACCA clause which is unconstitutional and . . . void for vagueness." (*Id.* at 7.) |

As explained below, it is unnecessary to assess the timeliness of the action because Cotman's claims lack merit and are subject to summary dismissal. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))).

---

[1] Records indicate that the Bureau of Prisons released Cotman on June 7, 2018. *See* Bureau of Prisons Fed. Inmate Locator, *available at*: https://www.bop.gov/inmateloc/ ("Find by Name").

[2] The Court utilizes the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Cotman's submissions.

[3] Amendment 794, which became effective on November 1, 2015, "amended the Commentary to the Sentencing Guidelines at § 3B1.2, which addresses a defendant's mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role adjustment." *Orji v. United States*, Nos. 1:13–CR–79, 1:16–CV–134, 2017 WL 1091784, at *1 (E.D. Va. Mar. 22, 2017).

2

## II. Analysis

### A. The Court will Dismiss Claims 1 and 2 Because Amendment 794 does Not Retroactively Apply on Collateral Review

In Claims 1 and 2, Cotman contends that, pursuant to Amendment 794, she qualifies as a minor participant in the criminal activity, and thus, was entitled to a decrease of 2 offense levels in her Sentencing Guidelines offense level. (§ 2255 Mot. 4–5.) Amendment 794 amended § 3B1.1 of the United States Sentencing Guidelines and took effect on November 1, 2015. *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). This amendment issued after Cotman's conviction became final in November 2014, when she failed to appeal the judgment.

Under 28 U.S.C. § 2255, a federal prisoner may move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A non-constitutional error, however, may only serve as a basis for collateral attack when it involves 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "This standard is only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The United States Court of Appeals for the Fourth Circuit has concluded that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar." *Id.*

3

Given this high bar, numerous courts have concluded that inmates may not utilize § 2255 to "receive the benefit of an amendment to the Sentencing Guidelines that was not in effect at the time that he [or she] was sentenced." *Orji*, 2017 WL 1091784, at *1 (rejecting inmate's claim brought via § 2255 that he was entitled to relief under Amendment 794); *see Drayton v. United States*, Nos. 7:14–CR–78–BO–9, 7:16–CV–292–BO, 2017 WL 1437068, at *1 (E.D.N.C. Apr. 21, 2017) (explaining that Amendment 794 does not apply on collateral review); *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016).[4] Accordingly, Claims 1 and 2 will be DISMISSED.

### B. The Court Will Dismiss Claim 3 Because *Johnson* Does Not Afford Cotman Relief

Claim 3 is hardly a model of clarity. As best as the Court can discern, Cotman contends that the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) undermines the validity of her conviction. The Court concludes that *Johnson* has no bearing on Cotman's case.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," *id.* at 2563,[5] because the statute defined "violent felony" in an

---

[4] Furthermore, the Supreme Court of the United States has not recognized Amendment 794 as a new right nor made it retroactive as required under § 2255(f)(3). Rather, it is an amendment to the Sentencing Guidelines issued by the United States Sentencing Commission. *See generally United States v. Sarmiento-Palacios*, 885 F.3d 1, 6 (1st Cir. 2018) (discussing Commission's reasons for enacting Amendment 794). Therefore, § 2255(f)(3) does not apply to Cotman's motion.

[5] The ACCA provides that

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

4

unconstitutionally vague manner. *Id.* at 2557–58 (citation omitted) (discussing how the residual clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Here, Cotman was convicted of conspiracy to commit Hobbs Act robbery.[6] Neither Cotman's conviction nor her sentence depended upon language similar to the residual clause of ACCA. Accordingly, Claim 3 lacks merit and will be DISMISSED.

### III. Conclusion

For the foregoing reasons, Cotman's § 2255 Motion (ECF No. 180) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

18 U.S.C. § 924(e)(1). Under the residual clause of ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[6] "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal." *United States v. Ransfer*, 749 F.3d 914, 930 (11th Cir. 2014) (citation omitted). The Hobbs Act penalizes a person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951. "Robbery" is defined, in relevant part, as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." *Id.* § 1951(b)(1). As the Fourth Circuit has recently explained, "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Cotman has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date:
Richmond, Virginia